HANNAH FLYNN O'BRIEN and JAMES FRANCIS FLYNN, Appellants, v. MARY FLYNN, Respondent. (Appeal No. 1.) — Order and judgment reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The learned Special Term was without power to make the order appealed from. Upon the death of the sole defendant, this action abated and could be revived and continued only upon the substitution of her successors in interest as defendants. Until such substitution was made, no proceedings in the action could be taken by either party, and the respondent's attorney ceased to be her attorney upon her death, and was without authority to make the motion to dismiss. (*Wilson* v. *Harter*, 57 App. Div. 484.) Furthermore, the administratrix of the deceased defendant has no interest in her real property and no standing to take any proceedings in the action. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.

HANNAH FLYNN O'BRIEN and JAMES FRANCIS FLYNN, Appellants, v. MARY FLYNN, Respondent. (Appeal No. 2.) — Order denying motion to restore case to calendar of Special Term for trials reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Upon the death

of the defendant, this action abated and could be revived and continued only by the substitution of her successors in interest. Until such substitution is made, no proceedings in the action can be taken by either party, and the Special Term was without power to make the order appealed from. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur.